Smith *v.* Thomas.

*J. G. Howard* and *J. F. Read,* for appellee.

———————◇———————

### SMITH *v.* THOMAS.

INTEREST.—*Rate of upon Judgments.*—The act of 1867, increasing the maximum rate of interest to ten per cent. when that rate is provided for by contract in writing, does not affect the third section of the act of 1861, enacting, that "interest on a judgment, or decree for money, shall be from the date of signing until the same be satisfied, at the rate per cent. agreed upon by the parties in the original contract, *not exceeding six per cent.,* and if there was no contract by the parties as to interest, then at the rate of six dollars a year on one hundred dollars."

SAME.—Suit on a promissory note, dated April 8th, 1868, and providing for the payment of interest at the rate of ten per cent. The court refused to require, as prayed by the complaint, that the judgment should draw interest at the rate of ten per cent.

*Held,* that this was not error.

APPEAL from the Cass Common Pleas.

ELLIOTT, C. J.—Suit by Smith against Thomas on a promissory note, as follows:—

"LOGANSPORT, April 8th, 1868.

"One day after date I promise to pay to the order of John F. Smith, ninety dollars, with interest at ten per cent., value received.                                JOHN N. THOMAS."

The complaint prayed, that the judgment be so framed as to draw interest at the rate of ten per cent. until paid.

Judgment was rendered for the plaintiff for the amount of the note and accrued interest; but the court refused to require the judgment to draw interest at the rate of ten per cent. This refusal presents the only question in the case.

The third section of the act of March 7th, 1861, regulating interest on money, &c., (Acts 1861, p. 138) provides as follows :—

"Interest on a judgment, or decree for money, shall be from the date of signing, until the same be satisfied, at the rate per cent. agreed upon by the parties in the original contract, *not exceeding six per cent.*, and if there was no contract by the parties as to interest, then at the rate of six dollars a year on one hundred dollars."

This is the only statutory provision now in force relating to interest on judgments generally.

Other provisions of the same act fixed the legal rate of interest at not exceeding six per cent. But the 1st section of the act of March 9th, 1867, (Acts 1867, p. 151) provides, "that interest upon the loan or forbearance of money, goods, or things in action, shall be at the rate of six dollars a year upon one hundred dollars, and no greater rate of interest shall be taken, directly or indirectly, unless the agreement to pay a higher rate of interest be made in writing, and signed by the party to be charged; but such rate of interest shall in no case exceed the rate of ten dollars a year on one hundred dollars," &c.

It is claimed by the appellant, that it was the intention of the legislature, by the act of 1861, to allow on a judgment, rendered on a contract in which the rate of interest is spec-

ified, the same rate of interest provided for by the contract, provided it does not exceed the highest rate allowed by the laws of the State in such cases, and that it was limited to not exceeding six per cent. only because that was the highest rate then allowed, in such cases; by the statute.

It is therefore insisted, that the act of 1867, as it increases the maximum rate to ten per cent. when provided for by contract in writing, as in this case, enlarges or extends the limitation of six per cent. in the third section of the act of 1861 to ten per cent. We cannot sustain this construction.

It is true, that by the first and second sections of the act of 1861, six per cent. is the maximum rate of interest on such contracts, and they also fix that as the legal rate when a less one is not specified in the contract. But the third section relates exclusively to interest on judgments and decrees for money, whether rendered on contracts or for torts, and fixes it at the rate of six per cent. unless the contract on which the judgment or decree is rendered provides for a less rate; but in no case can it exceed six per cent. Judgments on contracts for the loan of certain trust funds form an exception to this rule. See Acts of 1861, p. 84.

The act of 1867 relates exclusively to the rate of interest on contracts, and has no reference to interest on judgments or decrees, and does not therefore affect the third section of the act of 1861.

The contract is merged in the judgment rendered upon it; it no longer exists as a subsisting cause of action, and the judgment can only draw such rate of interest as may be expressly provided by statute.

Judgment affirmed, with costs.

*D. P. Baldwin*, for appellant.

*S. T. McConnell* and *M. Winfield*, for appellee.